We'll call the next case. 3120680 people of the state of Illinois at the lead by Don Duffy v. Raymond Goossens, appellant by Griffin Schaaf. Mr. Schaaf, you may proceed. Good afternoon, Your Honors. My name is Rickard Schaaf and I represent Raymond Goossens on behalf of the State Appellate Defender. After a jury trial, the defendant in this case was convicted of intimidation, a class 3 offense, a class 3 felony for threatening to not respond to 911 calls from Cordova, Cordova-Drague, while two police officers that were former police officers in Cordova-Drague or Cordova City were working at the Drague. The trial court sentenced the defendant to two years of probation and imposed a condition that defendant shall not be released from probation until his child support is current in a different civil case. That condition made the probation term indeterminate because it could take defendants more than two years to repay the three and a half years with the child support payments he was behind on because defendant's sentence could exceed the maximum probation term of 30 months for a class 3 felony. The trial court was not authorized to impose that probation condition. So what does the state have to say about all of this? The state doesn't say anything and this court should therefore find that the state has conceded that the defendant's sentence could not exceed the maximum probation term of 30 months for a class 3 felony and should just simply vacate the condition. I have a couple of questions. So, you know, the judge is the sentence is imposed saying and it shall continue until he pays off the child support arrearage, but in effect, I mean, can it just be, you know, there are a lot of fines and restitution entered against defendants and they are supposed to pay them during their period of probation. It can't be terminated until they do it. So it's not that it would be impossible for him to pay this during that 30 months. I mean, correct? Well, certainly it's possible that he could pay it. I do agree, Your Honor. It's possible theoretically that he could pay it within 30 months. I think the issue is the fact that, you know, the additional language that says he just won't be released off probation meaning he could, you know, he could be on probation for the rest of his life. And, you know, one thing that was even put on the record, you know, in front of this judge was the fact that he was losing that job that he had as a police officer. So, you know, that's another just one reason to believe that he might not even be able to do that. So, well, child support is supporting independence, isn't it? It's disputable, Your Honor. How's that disputable? Well, supporting your independence can mean a lot of things, you know. It could be more than children, but you can have other dependents, but your children are your dependents, aren't they? Yes, Your Honor. They are your dependents. However, you know, there's some question as to what supporting your dependence means. It doesn't necessarily mean paying child support. It could mean, you know, taking custody of your kids, taking care of your kids. They can stop your practice. It could really, it can mean a lot of things. And there, you know, there is a question I say, you know, I think, you know, there's a question about child support versus CAMBOS, whether it reasonably relates to the nature of the offense. And there is, you know, this question as to, you know, whether child support reasonably relates to the nature of an intimidation offense or the rehabilitation of an offendant. Frankly, I think it's just a whole different case and has nothing to do with intimidation offense. Whereas, you know, fine and fees, which would be imposed, would be based on this particular offense. You know, one other example for rehabilitation, you know, on study of patient study, you know, because now she was losing his job as a police officer. But what does that have to do with the offense of intimidation? Well, Your Honor, I think it has a lot to do with because in this situation, under the particular circumstances, the defendant was losing his job and he needs to, he needs to do something. And so it's related to the offense he was convicted of. Whereas paying child support, it's just, it's completely different case. It's basically using the criminal court to enforce civil judgment. Well, I mean, I guess by the same token that you're saying, had he not been convicted of this crime, he wouldn't have been losing his job. Well, I guess if he hadn't been convicted of this crime and wasn't losing his job, he wouldn't be having such a problem to paying his child support either. I mean, you know, I mean, by the same train of thinking that you're using, I guess we can say a lot of things all of a sudden are, you know, reasonably flow from the offense or don't. I mean, it's, and it's listed in the statute as something that doesn't have to be related. And it's listed as, you know, it's just in addition to, right? That's one of the specifically enumerated things that, that are, you can add on in addition to those that are reasonably related to the offense. Or is it that you see it, that those aren't allowed unless they're related? Yes, Your Honor. The second letter, I believe, is actually the better reading of the statute. And it's exactly what people, versus Campbell's, concluded that all the conditions must be reasonably related to the nature of the offense. The statute here actually, it says the court may, in addition to other reasonable conditions relating to the nature of the offense or the rehabilitation of the defendant in the proper discretion of the court, require that the person, essentially the state wants to read this whole middle section of this clause as just non-restrictive as a, you know, as the court comma, and then there's a comment for the required person. And, you know, I don't think that's non-restrictive. I think what it says is all, any of these conditions that the court imposes and its discretion needs to be reasonably related to the nature of the offense. Well, you're reading something out of it. It says the court may in addition to other reasonable conditions relating to the nature of the offense or the rehabilitation of the defendant. Part of rehabilitation is to make the person a productive member of society. Productive member of society, you could say, supports their dependence. It's not part of, rehabilitation is a little bit broader than just dealing with the offense you've committed and been found guilty of. Rehabilitation is what, to be rehabilitated to be a member, a productive member of society. Isn't that right? Yes, your honor. It is to be a productive member of society. I agree with you. However, I don't think that, you know, enforcing this condition that he pays his child support and then he's on probation until he pays it off. So, so when the section says support your dependence, what crimes do you think that section only relates to? Because there are a lot of crimes that are committed that have nothing to do with dependence. You know, stealing from a store, you know, unless I suppose you're, unless you're stealing bread for the dependents, you know, but there are a lot of crimes that are committed that aren't dealing with dependence. Yet, that's one of the conditions that, for the rehabilitation of the defendant that's determined to support dependence. Yes, your honor. I think that to answer your question, I believe the situation where it would apply to is a situation, for example, you know, you think of a domestic battery against a child or, you know, where the father was battering the child or something. Something in this, in a situation where there's some, some type of interconnectedness between. Well, you put this in a section, in other words, unless there's this causal connection or relationship. That's, that would be my reading, your honor. And I believe the court in Theodore v. Campbell came to that same conclusion. And the state actually has no other contrary, you know, they don't dispute Campbell. They don't have any contrary. They don't cite any contrary authority to Campbell. You know, the only thing they actually cite is this Peeble v. Meyer case for their reading of the statutes. Basically, they're arguing that there's 16 permitted conditions and there's these other reasonable conditions. Art Meyer has nothing to do with that question. It's just a question of whether or not the probation condition, essentially, it was a sex offender and there was the trial court imposed a probation petition requiring the defendant to write a sign that says, warning of, I, my felon lives here, enter at your own risk. And the question is whether or not that condition was reasonable or not, but didn't have any, it didn't go to the question of whether or not all the probation conditions should reasonably relate to the nature of the offense or not. So there's really, there's no, there's no authority supporting that position. Of course, if that's a narrow, that's a fourth district case, isn't it Campbell? Yes, it is, your honor. So they interpreted the statute, if you use your way, these Yes. What is the remedy you're asking us to apply? My, I would ask that this court vacate the condition. I will say as a practical matter, defendant, if the court does agree with the defendant that an indeterminate probation term is incorrect, you know, if the court decides ultimately to modify, I don't think it makes much of a difference in this particular case because by the time it is modified, Why not just remand it for a new sentencing hearing? Because you argue the sentence is void. Well, that's, that's another possibility, your honor. I think the better way of doing it would be to vacate it. In defense of Judge Mearsman, I sat for many years in Rock Island County and because there is a limited staff in the probation department, what happens there is once people have complied with the conditions of probation above and beyond the statutorily mandated conditions, such as I see he had to have an alcohol evaluation. What happens in the probation department there is once those additional non-mandatory provisions are complied with, then the probation department will terminate probation early. And I think what Judge Mearsman was simply trying to do is while he's on probation for this, was it three years or whatever the term was, I don't want it terminated early. I don't think the language he chose necessarily communicates that to this court. But I do think in defense of Judge Mearsman, he was not trying to impose a void sentence. I note, however, that you and the state seem to ignore paragraph 21 in the order of probation, and it does require looking at the order of probation, which says the defendant can possess a bow and arrow for hunting purposes. Well, that condition is also contrary to the mandated statutory conditions that while you're on probation, you can't possess a dangerous weapon for any purpose. If we were to find that provision was void, are you saying that the court was authorized to make an exception, that this is the only void provision with regard to child support? Your Honor, that condition actually wasn't initially imposed. The defendant essentially motioned the court to allow him basically to reconsider. But he's not complaining about that modification. No, Your Honor. So if you pick and choose and you're going to say that this sentence is void based on one provision, it seems to me we ought to look at all of them and make sure the rest were okay as well. Well, to be honest, Your Honor, I agree with you. And the proper remedy, I believe, is to, I did say to a case in your brief that says, you know, when a trial court imposes a sentence that's beyond its discretion, you know, the proper remedy is to just simply vacate the excess portion of that sentence. So I do think, you know, you could vacate that portion of the child support, you know, if this court finds it. I think you've asked us to become the sentencing court by striking that provision, but that's something we're obviously going to debate as a panel. But thank you. The Campbell court couldn't point to any section of the Probation Act dealing with the authority to reimpose a fine from previous convictions. That's what they were dealing with, a very specific issue, right? Yes, Your Honor. So when they use that language, they were speaking very specific imposition by the court. Yes, Your Honor, that was the facts of the case, but they do have their language. They were dealing with the rehabilitation factors that are mentioned in the probation statute. Yes, Your Honor, but they do very broadly state here in the sentence in it that they conclude that often, you know, their reading of the statute is that all probation conditions, you know, must reasonably relate to the nature of offense and, you know, for it to continue over the rehabilitation of the defense or the defendant. So I think that, you know, I do think the reading of the statute, at least in the defendant's position. Are there any other questions? Thank you, Mr. Shaw. Ms. Duffy. I'm going to point to the statute, the probation statute, and my reading of the statute, and I think it's pretty specific, is that there are three types of conditions of probation. Section A deals with those that are mandatory. It says the trial court shall impose these conditions of probation when it's entering the sentencing order. This condition of trial support doesn't occur in Section A. It occurs in Section B, which I would call enumerated discretionary conditions. There are 16 of them, one of which is support your dependence. Now, I guess we need this appellate court to tell us that paying child support is supporting the dependence within the meaning of the statute, but it is specifically enumerated in there. Then we have this phrase that the court may, in addition to these enumerated discretionary conditions, impose other conditions that are related to the nature of defense or the rehabilitation of the defendant. So that's three different kinds of conditions, this being specifically enumerated and discretionary. Our Illinois Supreme Court in Meyer dealt with defining the statute and they said, and I think that they had the idea that there were these three kinds. They didn't deal with the mandatory, but they did say that a trial court determines that a probation condition not expressly enumerated in the statute as this one is. I submit that supporting your dependence that specifically enumerates payment of child support may be imposed as it is reasonable or relates to the nature of the offense or rehabilitation of the defendant. So they see two separate kinds of discretionary conditions. I submit that this case and the statute clearly say that this child support payment order does not have to relate to the offense. It is not offense specific. It may relate to the rehabilitation of the defendant as a side effect, but it doesn't have to. Now, my reading of Campbell is indeed, it deals with reimposing fines and costs that were originally imposed in a separate prosecution, conviction, and sentence. You can't do that. That makes perfect sense. That's like saying, you know, in my theft case, I was ordered to pay certain fines and costs. I didn't pay them. I've now committed a drug offense. You can't order those fees, fines, costs paid under my drug case, that's reimposing fines and that's not within the meaning of nature and circumstances. Now, I feel that that's pretty clear from the statute and the case that I cited. If it's not perfectly clear, please ask me a question. Thank you. Mr. Shaw for rebuttal. Thank you. Thank you both for your arguments here today. This matter will be taken under advisement and a written decision will be issued to you. Right now, we will take a short recess for panel change.